

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
SAKHALINMORTRANS LLC
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Michael G. Chalos (MC-3939)
George K. Kontakis (GK-0484)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SAKHALINMORTRANS LLC,

                            Plaintiff,         08 CV

-v-

                                                        **VERIFIED COMPLAINT**

BALTIK OIL GROUP,

                            Defendant.
-------------------------------------------------------------------x

       Plaintiff, SAKHALINMORTRANS LLC, (hereinafter "SAKHALINMORTRANS"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, BALTIK OIL GROUP (hereinafter "BALTIK"), alleges upon information and belief as follows:

### JURISDICTION

       1.     The Court has subject matter jurisdiction by virtue of the fact that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, SAKHALINMORTRANS, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business 420 Mira Street, Ujno-Sakhalinsk, Sakhalin region, 693004, Russia.

3. The Plaintiff, SAKHALINMORTRANS, is engaged in business as an owner, or disponent owner, of ocean-going vessels that transport cargo in exchange for payments of hire or freight, including the M/V STALINGRAD.

4. At all times material hereto, Defendant, BALTIK, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Braslas Iela 20, Riga, LV-1035, Latvia.

5. The defendant, BALTIK, was and is a supplier of fuel oil products to different industrial enterprises, ship owners and technical managers of vessels.

## AS AND FOR A CAUSE OF ACTION
## FOR WRONGFUL ARREST OF THE M/V STALINGRAD

6. On or about November 5, 2008, Defendant, BALTIK, arrested Plaintiff's vessel, the M/V STALINGRAD, at the port of Rotterdam, Holland.

7. The basis of Defendant BALTIK's claim was the failure of payment for bunkers ordered and delivered to a vessel named M/V JESSY.

8. The M/V JESSY is owned by a company named Sakhalinmortrans Ltd. and is based in Cyprus. Sakhalinmortrans Ltd. of Cyprus was said to have ordered the bunkers for the M/V JESSY.

9. Plaintiff SAKHALINMORTRANS engaged attorneys in Holland to challenge the arrest of the M/V STALINGRAD at Rotterdam, in order to have the arrest lifted and the vessel released.

10. On or about November 14, 2008, Plaintiff SAKHALINMORTRANS was successful in having the arrest lifted and the M/V STALINGRAD was released.

11. Despite the fact that the name of the Cypriot owner of the M/V JESSY is similar to the Plaintiff's name in this matter, the two companies are separate legal entities and each company is located in a different country. The Rotterdam District Court found that defendant BALTIK was not entitled to the arrest of the M/V STALINGRAD and the arrest was lifted.

12. In addition to the Rotterdam District Court's order lifting the arrest and releasing the vessel, the Rotterdam District Court also found that the arrest was wrongful. The Rotterdam District Court noted that the wrongful arrest gives rise to a tort that therefore entitles Plaintiff SAKHALINMORTRANS to damages arising out of the wrongful arrest.

13. A claim for wrongful arrest of a vessel is a maritime claim.

### DAMAGES ARISING FROM THE WRONGFUL ARREST OF THE VESSEL

14. As a result of the wrongful arrest of the M/V STALINGRAD at the port of Rotterdam, Plaintiff SAKHALINMORTRANS incurred additional port charges from November 10th to November 14th, 2008, in the amount of 7,000 Euros (or US$9,325.54).

15. As a further result of the wrongful arrest of the M/V STALINGRAD at the port of Rotterdam, Plaintiff SAKHALINMORTRANS incurred detention costs from

3

November 10th to November 14th, 2008, at a rate of 5,000 Euros per day for those five (5) days. Therefore, the detention costs totaled 25,000 Euros (or US$33,289.07).

16. As a further result of the wrongful arrest of the M/V STALINGRAD at the port of Rotterdam, Plaintiff SAKHALINMORTRANS incurred legal fees in the amount of 15,000 Euros (or US$19,958.86) for the challenge to the arrest and eventual lifting of the arrest at the Rotterdam District Court.

17. As an even further result of the wrongful arrest of the M/V STALINGRAD at the port of Rotterdam, Plaintiff SAKHALINMORTRANS incurred damages for the loss of profits arising out of the cancellation of the M/V STALINGRAD's next employment after Rotterdam.

18. The M/V STALINGRAD was to carry a cargo of 5,400 metric tons of grain from Rouen, France to Tartous, Syria at a rate of US$50.00 per metric ton for charterer Med Grain S.A.

19. After the cancellation of this charter with Med Grain S.A., (a direct result of the delay caused by defendant's wrongful arrest of the M/V STALINGRAD at the port of Rotterdam), the M/V STALINGRAD was forced to seek alternative employment for the vessel and enter into a different charter.

20. After searching the marketplace, the best employment the vessel could find after the Rotterdam District Court lifted the wrongful arrest of the vessel, was a similar voyage carrying 5,400 metric tons of grain from Rouen, France to Tartous, Syria at a rate of US$35.00 per metric ton. This resulted in a difference of US$15.00 per metric ton less than the cancelled voyage.

21.     Therefore, Plaintiff SAKHALINMORTRANS suffered a loss of profit in the amount of US$81,000.00, as a direct result of the defendant's wrongful arrest of the M/V STALINGRAD at the port of Rotterdam.

22.     In total, Plaintiff SAKHALINMORTRANS suffered damages in the amount of US$143,573.47, as a direct result of the defendant's wrongful arrest of the M/V STALINGRAD at the port of Rotterdam.

23.     Additionally, Plaintiff SAKHALINMORTRANS seeks recovery of interest, costs and legal fees incurred as a result of its claim for damages arising from the wrongful arrest of the M/V STALINGRAD at the port of Rotterdam. As best as can be determined at this time, interest, cost and legal fees incurred, and to be incurred, are not less than US$53,512.41.

24.     Therefore, plaintiff SAKHALINMORTRANS's total claim against the Defendant BALTIK is $197,085.88.

## PRAYER FOR RELIEF

25.     Notwithstanding the fact that the liability of the Defendant, BALTIK, for its wrongful arrest of the M/V STALINGRAD at the port of Rotterdam, as set forth herein, will be pursued in either Holland or Latvia, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payments for goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

26.     The Plaintiff, SAKHALINMORTRANS, has sufficient reason to believe that the Defendant BALTIK's tangible or intangible personal property, *to wit*: bank accounts; payments in U.S. dollars from or to the Defendant's sellers or purchasers,

5

payments in U.S. dollars from or to other vessel Owners; Clearing House Interbank Payment System (CHIPS) credits; and/or operational funds, is being transferred through intermediary banks in the form of electronic payment transfers (*i.e.* "EFT"s) and are located in this District in the possession of several garnishees, namely banks or financial institutions located in New York that process EFT payments of U.S. dollars.

27. As set forth in the accompanying declaration of George K. Kontakis, the Defendant BALTIK cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

28. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant BALTIK, because the Defendant BALTIK cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, because the Plaintiff has reason to believe that the property of the Defendant may be found in this district and because there is no statutory or maritime bar to an attachment, the requirements for the issuance of Rule B Process of Maritime Attachment and Garnishment are met.

29. The Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claim against the Defendant BALTIK and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment can be satisfied.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That since the Defendant cannot be found within the District, as set forth in the Declaration of George K. Kontakis, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of **USD $197,085.88**, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
December 12, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
SAKHALINMORTRANS LLC

By: _____
Michael G. Chalos (MC-3939)
George K. Kontakis (GK-0484)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: mchalos@codus-law.com
Email: gkontakis@codus-law.com

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
SAKHALINMORTRANS LLC
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Michael G. Chalos (MC-3939)
George K. Kontakis (GK-0484)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAKHALINMORTRANS LLC,

                              Plaintiff,

                                              08 CV

-v-

                                             **VERIFICATION OF**
BALTIK OIL GROUP,                       **COMPLAINT**

                              Defendant.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE K. KONTAKIS, Esq., declares under the penalty of perjury:

       1.     I am associated with the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff SAKHALINMORTRANS LLC, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because the Plaintiff are foreign corporations, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
December 12, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
SAKHALINMORTRANS LLC

By: _____
Michael G. Chalos (MC-3939)
George K. Kontakis (GK-0484)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: mchalos@codus-law.com
Email: gkontakis@codus-law.com